T.C. Summary Opinion 2006-40

UNITED STATES TAX COURT

JAYESH B. AND DEVSMITA J. PATEL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11530-04S.          Filed March 16, 2006.

Jayesh B. and Devsmita J. Patel, pro sese.

Clare J. Brooks, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $295 for the taxable year 2002.

The issue for decision is whether petitioners' prepayment of $3,611 of tuition in 2001 entitles them to a Lifetime Learning Credit pursuant to section 25A in tax year 2002.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in York, Pennsylvania, on the date the petition was filed in this case.

## Background

During taxable year 2002, Ami Patel (Ms. Patel), petitioners' niece, lived with petitioners for the entire year. Ms. Patel, whom petitioners claimed as a dependent, was a full-time student at York College in York, Pennsylvania, during taxable year 2002. In the year in issue, petitioners paid $3,750 in qualified education expenses to York College. Also, in the taxable year 2001, petitioners paid $3,611 in qualified education expenses to York College. The payment of $3,611 made on November 28, 2001, to York College represented prepaid tuition for the spring semester of 2002.[1] Petitioners prepaid the spring

---

[1]It is unclear from the record when the 2002 spring semester began at York College. However, due to the fact that York College measures the college year in semesters and not trimesters nor quarters, we assume that the spring semester of 2002 began in
(continued...)

semester tuition because they were going to be out of the country when the tuition became due.

Petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for taxable year 2002. On their 2002 Federal tax return, petitioners claimed a Lifetime Learning Credit for Ms. Patel as the eligible student. In calculating the Lifetime Learning Credit for their 2002 Federal tax return, petitioners added the above-mentioned amounts of qualified education expenses along with other miscellaneous education expenses, resulting in a total amount for qualified education expenses of $7,600. Petitioners then used Form 8863, Education Credits (Hope and Lifetime Learning Credits), to calculate their claimed education credit of $1,000 for taxable year 2002.

Subsequently, respondent issued a notice of deficiency to petitioners in which respondent disallowed $250 of petitioners' claimed $1,000 education credit. In other words, respondent allowed petitioners an education credit for taxable year 2002 of $750. Respondent contends that the partial disallowance of petitioners' claimed education credit is correct because the prepayment of the 2002 spring semester tuition of $3,611 is properly taken into account on petitioners' 2001 Federal tax

---

[1](...continued)
January or February of taxable year 2002.

return and not their 2002 Federal tax return pursuant to section 25A(g)(4).

## Discussion[2]

Respondent did not question Ms. Patel's status as petitioners' dependent. Further, respondent conceded that both payments were "qualified tuition and related expenses" and that York College was an "eligible educational institution". Therefore, the only issue for us to consider is whether petitioners' prepayment of $3,611 of tuition in 2001 for the spring 2002 semester entitles them to include this amount in computing the Lifetime Learning Credit pursuant to section 25A for taxable year 2002.

For eligible individuals, section 25A allows credits against tax for qualified tuition and related expenses paid by the taxpayer during the taxable year. Section 25A(c) specifically provides, in pertinent part:

SEC. 25A(c) Lifetime Learning Credit.--

(1) Per taxpayer credit.-- The Lifetime Learning Credit for any taxpayer for any taxable year is an amount equal to 20 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year (for education furnished during any academic period beginning in such taxable year) as does not exceed $10,000 ($5,000 in the case of taxable years beginning before January 1, 2003).

---

[2]We decide the issues in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Section 25A(g) states special rules which apply to both the Hope Scholarship Credit and the Lifetime Learning Credit. Specifically, section 25A(g)(4) provides:

> (4) Treatment of certain prepayments.-- If qualified tuition and related expenses are paid by the taxpayer during a taxable year for an academic period which begins during the first 3 months following such taxable year, such academic period shall be treated for purposes of this section as beginning during such taxable year.

In the present case, during taxable year 2001 petitioners prepaid qualified tuition of $3,611 for the 2002 spring semester, an academic period which begins during the first 3 months following taxable year 2001. Therefore, pursuant to the plain language of section 25A(g)(4) the prepayment amount of $3,611 would properly be included in the calculation of petitioners' Lifetime Learning Credit for the 2001 taxable year and not their 2002 taxable year. Accordingly, respondent's determination on this issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
for respondent.